IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARVIN G. JOHNSON,

    Petitioner,

v.

DAVID BOBBY, Warden,

    Respondent.

Case No. 2:08-cv-55
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. §2254. This matter is before the Court upon Petitioner's motion to expand the record (ECF No. 56), Respondent's response in opposition (ECF No. 61), and Petitioner's reply (ECF No. 62).

Petitioner seeks to expand the record to include the depositions of his trial attorneys and his appellate attorneys in support of his claims of ineffective assistance of counsel. Petitioner also seeks to add the affidavit of forensic pathologist Dr. LeRoy Riddick demonstrating that the victim was brain dead before he was moved from the living room to the basement. Further, Petitioner seeks to add the report of Dr. Nicholas Doniger detailing a neuropsychological examination demonstrating that Petitioner suffers from frontal lobe dysfunction. Finally, Petitioner seeks to add six declarations by family members in support of his claim that trial counsel were ineffective in investigating and presenting available mitigating evidence.

Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas corpus courts to direct the parties to supplement the state court record with materials relevant to the Court's resolution of the petition. The relevancy of the materials that Petitioner seeks to add is not in dispute. And the Court is satisfied that the materials Petitioner seeks to add are relevant to the Court's disposition of the petition Rather, Respondent opposes Petitioner's motion in its entirety on the ground that the recent decision of *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), precludes this Court from considering any evidence that the state courts did not consider in adjudicating a

claim on the merits. (ECF No. 61, at 3-4.)

In response, Petitioner argues that *Pinholster* erects no such bar in the instant case because it is distinguishable. (ECF No. 56, at 8-20.) Specifically, Petitioner asserts that "the California system of postconviction review permits full factual development, to which the habeas petitioner in *Pinholster* took advantage[,]" while Ohio's postconviction process, on the other hand "offers no due process." (ECF No. 62, at 1-2.) Petitioner argues that "Respondent also fails to address how other courts have decided, post-*Pinholster*, to allow petitioners like Johnson the opportunity to rely on evidence developed in federal court when the state court had denied that petitioner the opportunity to develop any evidence." (*Id.* (citing *Pao Lo v. Kane*, 2011 U.S. Dist. LEXIS 64620 (E.D. Cal. June 17, 2011); *Browning v. Workman*, 2011 U.S. Dist. LEXIS 71081 (N.D Okl. June 30, 2011)).) Petitioner also argues that language in the decision of *Wellons v. Hall*, __ U.S. __, 130 S.Ct. 727, 730 n.3 (2010) (per curiam), supports Petitioner's motion to expand the record. According to Petitioner, "[i]n the place where evidence could be developed and credibility determinations could be properly determined, the post-conviction trial court wrongly deprived Johnson of the opportunity for a full and fair opportunity to vet his claim." (ECF No. 62, at 2.) Noting that the United States Supreme Court has pending before it two cases involving "the process that must be afforded post-conviction proceedings," Petitioner urges this Court to "withhold ruling until the Supreme Court issues opinions in those cases." (*Id.* at 3.) Finally, Petitioner argues in the alternative that in the event this Court accepts Respondent's arguments, the Court should either order briefing on the issue of whether the AEDPA even applies to the affected claims or stay the current proceedings to allow exhaustion of the new evidence. (*Id.* at 3-4.) The last of Petitioner's arguments informs the resolution of his motion to expand the record.

Although the parties devote a substantial portion of their briefing to the *Pinholster* decision, this Court is not persuaded that *Pinholster* is relevant to the issue as this Court sees

2

it–namely whether stay and abeyance is warranted in this case.¹ The Court is of the view that the best course of action is to stay this case and hold the proceedings in abeyance to allow Petitioner to exhaust his new claims in the state courts. They are properly characterized as new claims because they are not the same claims that the state courts already considered. The Court finds that the new evidence that Petitioner seeks to add to the record so fundamentally alters the claims at issue that the principles of comity and federalism underlying the exhaustion doctrine dictate that Petitioner give the state courts an opportunity to address the claims first. *See Mills v. Mitchell*, No. 1:96-CV-423, 2007 WL 1412982, at *4 (S.D. Ohio May 10, 2007) ("the very reason Mills must return to the state courts to litigate his *Brady* claim is because this Court has found that the newly discovered evidence 'fundamentally alter[ed] the legal claim already considered by the state courts.' ") (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986))); *see also Bragan v. Morgan*, 791 F. Supp. 704, 720 (M.D. Tenn. 1992) ("A claim has not been exhausted when newly discovered evidence presented in the federal petition, which has not been presented to the state courts, 'places [the] claim in a significantly different posture.' ") (quoting *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986))).

A state prisoner must exhaust available state court remedies before he can secure federal habeas corpus review. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement when he raises the claim in a manner that affords the state courts a fair opportunity to address the federal constitutional issue. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Petitioner must present the very claim to the state courts–setting forth essentially the same facts, evidence, and legal basis–that he seeks to present to the federal court. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Picard*, 404 U.S. at 275-76; *Rust v. Zent*, 17 F.3d 155,

---

¹ In *Cullen v. Pinholster*, the Supreme Court held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." 131 S.Ct. 1388, 1400 (2011).

3

160 (6th Cir. 1994).

If a petitioner fails to fairly present a claim and a state court remedy is still available for him or her to do so, then that claim is unexhausted and the petition would normally be subject to dismissal without prejudice for nonexhaustion. 28 U.S.C. § 2254(b), (c). When a district court is faced with a mixed petition containing both exhausted and unexhausted claims, the court has discretion to stay the petition and hold the proceedings in abeyance to allow the petitioner to present the unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). In so holding, the Supreme Court emphasized that stay and abeyance should be utilized sparingly, explaining:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277.

The question before this Court is twofold. First, the Court must determine whether there was good cause for Petitioner's failure to exhaust his claims first in state court. If the Court answers that inquiry in the positive, the Court must then determine whether Petitioner's unexhausted claims are plainly meritless. For the reasons that follow, the Court concludes that the answers to those questions are yes and no, respectively, and that stay and abeyance is warranted in this case.

Petitioner seeks to expand the record with materials that are relevant to his fourth, sixth, seventh, eighth, ninth, tenth, thirteenth, and nineteenth grounds for relief. That evidence has never been presented to the state courts by virtue of the fact that the state courts in postconviction denied Petitioner's requests for discovery and an evidentiary hearing and it was only through discovery in this habeas corpus proceeding that he was able to obtain, develop, and present the evidence. The Court is satisfied that this constitutes good cause for Petitioner's failure to exhaust his claims in the state courts sufficient to warrant stay and abeyance under *Rhines*.

4

Having determined that there was good cause for Petitioner's failure to exhaust his new claims, the Court also concludes that the claims at issue are not plainly meritless. The affected grounds set forth numerous allegations of ineffective assistance of counsel during the trial, mitigation, and appellate stages of Petitioner's case. They include claims that trial counsel were ineffective for failing to object to prejudicial, emotional, and inadmissable victim impact evidence; that trial counsel were ineffective for allowing the jury to hear inadmissible information about Petitioner's criminal history; and that trial counsel were ineffective for failing to investigate, develop, and present available and invaluable mitigation evidence. Far from palpably incredible on their face, these claims involve issues upon which the Sixth Circuit has granted relief in other capital habeas corpus cases. The foregoing supports the conclusion that Petitioner's claims are not plainly meritless.

It is with reluctance that the Court orders the instant stay and abeyance. The Court is not unsympathetic to Petitioner's plight and is mindful of his efforts to develop and present his claims. But significant amount of new evidence that Petitioner developed in these proceedings and seeks to add to the record gives rise to fundamentally different claims than those that the state courts considered. That renders those claims unexhausted and dictates that Petitioner return to the state courts to exhaust them.

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to expand the record (ECF No. 56.) The Court **ORDERS** that the instant petition be **STAYED** and the proceedings held in **ABEYANCE**, pending Petitioner's exhaustion of his new claims in the state courts. The Court **FURTHER ORDERS** the following: Petitioner **SHALL INITIATE** proceedings in the state courts within forty-five (45) days of the date of this order; the parties **SHALL FILE** in this Court a joint status report every ninety (90) days; and Petitioner **SHALL SEEK** reinstatement of this case on the Court's active docket within thirty (30) days of fully exhausting his state court remedies.

The Court **DENIES** as unnecessary and premature Petitioner's request to brief the issue

5

of whether the AEDPA even applies to the affected claims (ECF No. 62, at 3).

**IT IS SO ORDERED.**

                                                                  /s/ Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**United States District Judge**

Date: 2-27-2012